IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * |
| | *   Crim. No. 07-0404 PJM |
| AKIL DORSEY, | * |
| | * |
| Defendant. | * |

## MEMORANDUM OPINION

On March 10, 2008, Akil Dorsey pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). On February 17, 2009, the Court imposed a total sentence of 300 months of imprisonment and five years of supervised release. His sentence was affirmed by the Fourth Circuit (*United States v. Dorsey*, No. 09-4170 (4th Cir. Jan. 14, 2010)), ECF No. 34, and the Supreme Court denied his petition for a *writ of certiorari*. In April 2011, he filed a Motion to Vacate his sentence that this Court denied in July 2013. ECF No. 54. Dorsey has now served about sixteen years of his twenty-five-year sentence.

On February 9, 2023, Dorsey filed the *pro se* Motion for Compassionate Release now before the Court. ECF No. 66.[1] On March 21, 2023, the Office of the Federal Public Defender declined to supplement Dorsey's *pro se* Motion or to seek representation on his behalf. A response from the Government is not necessary. For the reasons that follow, the Court now **DENIES** Dorsey's Motion for Compassionate Release. ECF No. 66.

---

[1] Dorsey has also filed a Motion to Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 61), a Supplement to that Motion (ECF No. 68), and an Amendment (ECF No. 75). These motions are being held in abeyance until the Supreme Court decides *Eugene Jackson v. United States*, No. 22-6640 (cert. granted May 15, 2023). The Court, therefore, does not address them here.

## DISCUSSION

Dorsey seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), which requires him to demonstrate "extraordinary and compelling reasons" to justify such relief. In support of his request, he states that he (1) suffers from glaucoma and severe nerve damage in his left eye, as well as asthma; and (2) has been rehabilitated. ECF No. 66-1 at 2. The Court finds that Dorsey has failed to meet his burden for release.

While the Court recognizes that glaucoma and asthma are serious conditions that may require continued treatment, Dorsey has made no allegation that they are not being properly addressed and treated within the Bureau of Prisons. Nor has Dorsey alleged that he suffers from a terminal disease, a substantial deterioration in physical health, or increased risk of suffering due to a public health emergency. In the Court's view, based on the information before the Court at this time, his conditions are not so severe as to provide an extraordinary and compelling reason for compassionate release. *See United States v. Frazier*, No. 3-96-cr-74, 2022 WL 17722402, at *2 (W.D. Va. Dec. 15, 2022) (holding that glaucoma, treated properly, was not an extraordinary and compelling reason for early release); *United States v. Horton*, No. 1:89-cr-180, 2023 WL 4549565, at *3 (E.D. Va. July 14, 2023) (same when petitioner suffered from glaucoma and asthma); *United States v. Jameel*, No. 2:13cr098, 2021 WL 1784626, at *4–5 (E.D. Va. May 5, 2021) (finding that petitioner did not establish an extraordinary and compelling reason for release when he suffered from glaucoma, asthma, diabetes, congestive heart failure, hypertension, and thyroid cancer when there was no indication that these conditions were not being properly treated).

Further, while the Court commends Dorsey for the positive steps he has taken while incarcerated, a "defendant's rehabilitation alone proves insufficient" to warrant compassionate release. *See United States v. Morales-Vega,* 2021 WL 4864450 at *6 (D. Md. Oct. 19, 2021)

(quoting *United States v. Woolridge*, No. 3:09CR156, 2021 WL 415131, at *7 (E.D. Va. Feb. 5, 2021)). Dorsey therefore has not met the threshold requirement of demonstrating extraordinary and compelling reasons justifying compassionate release.

Moreover, the 18 U.S.C. § 3553(a) factors weigh against granting Dorsey's request for release. These factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense." 18 U.S.C. § 3553(a).

As an initial matter, Dorsey has served only about 65 percent of his 300-month sentence of incarceration. His offense was serious. He held a revolver to the head of his estranged girlfriend and threated to kill her if she did not accompany him. *See* ECF No. 53 at 2. A few days later, he threw that same gun onto a balcony while running from the police, shattering a glass door in the process. *Id.* He was then arrested, charged, and convicted of being a felon in possession of a firearm. Moreover, at the time of sentencing in this matter, Dorsey had a significant criminal history involving drugs and violence. *See* ECF No. 31 at 34. Taking this into account, the Court is not persuaded that he has already served a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

## CONCLUSION

Accordingly, Dorsey's Motion for Compassionate Release (ECF No. 66) is **DENIED**.

A separate Order will **ISSUE**.

Date: January 17, 2024

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE